UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SANDRA B. SPEARS,                              )
                                               )
                    Plaintiff,                 )
                                               )
            vs.                                )
                                               )          1:15-cv-01946-JMS-MPB
CAROLYN W. COLVIN, Acting                      )
Commissioner of Social Security,               )
                                               )
                                               )
                    Defendant.                 )

## ORDER

Plaintiff Sandra B. Spears applied for disability benefits under the Social Security Act on October 20, 2012, alleging a disability onset date of September 24, 2010.  [Filing No. 17-2 at 24.] Her claim was denied initially and on reconsideration, and a hearing was held before Administrative Law Judge Lisa B. Martin on March 18, 2014.  [Filing No. 17-2 at 42-88.]  On October 17, 2014, the ALJ concluded that Ms. Spears was not disabled under the Social Security Act.  [Filing No. 17-2 at 36.]  The Appeals Council denied Ms. Spears' request for review on October 14, 2015.  [Filing No. 17-2 at 2-4.]  On December 10, 2015, Ms. Spears filed this civil action pursuant to 42 U.S.C. Section 405(g), asking this Court to review the denial of her benefits request.  [Filing No. 1.]

## I.
### STANDARD OF REVIEW

"The Social Security Act authorizes payment of disability insurance benefits and Supplemental Security Income to individuals with disabilities."  *Barnhart v. Walton*, 535 U.S. 212, 214 (2002).  "The statutory definition of 'disability' has two parts.  First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity.  Second it requires

an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last . . . not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [her] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, [she] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [she] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's RFC by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e), (g). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## II.
### RELEVANT BACKGROUND

Ms. Spears was forty-five years old on her alleged disability onset date. [Filing No. 17-2 at 34.] After receiving her GED and attending trade school, Ms. Spears was a union construction worker helping to build high rise buildings. [Filing No. 17-2 at 48.] Specifically, she insulated heaters and air conditioners for seventeen years. [Filing No. 17-2 at 49-50.] In 2009, Ms. Spears fell thirteen feet, landed on her head, and was in a drug-induced coma for eight weeks. [Filing No. 17-2 at 54.] She testified at the hearing before the ALJ that as a result, her balance is off, she has been told she will have brain damage her whole life, and doctors have recommended that she get a walker. [Filing No. 17-2 at 55-57.]

Using the five-step sequential evaluation set forth by the Social Security Administration in 20 C.F.R. § 404.1520(a)(4), the ALJ ultimately concluded that Ms. Spears is not disabled. [Filing No. 17-2 at 36.]  The ALJ found as follows:

- At Step One of the analysis, the ALJ found that Ms. Spears meets the insured status requirements of the Social Security Act through December 31, 2010, and has not engaged in substantial gainful activity since her alleged onset date of September 25, 2010.  [Filing No. 17-2 at 26.]

- At Step Two of the analysis, the ALJ found that Ms. Spears has the following severe impairments: history of traumatic brain injury and organic mental disorder, seizure disorder, diabetes with lower extremity neuropathy, cervical and lumbar spine disorders, chronic obstructive pulmonary disease, and history of polysubstance abuse. [Filing No. 17-2 at 26.]

- At Step Three of the analysis, the ALJ found that Ms. Spears does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments.  [Filing No. 17-2 at 27.]

- The ALJ found that Ms. Spears has the residual functional capacity ("RFC") to do as follows:

> [P]erform a full range of light work . . . except that the claimant requires an opportunity as often as every hour to briefly (1-2 minutes) sit down or change positions, and she must have access to normal work breaks.  She must avoid all ladders, ropes, and scaffold climbing, and avoid more than occasional postural motions or otherwise.  She must avoid all exposure to dangerous work hazards (unprotected heights and exposed machinery), extreme heat, humidity, and cold, and all exposure to concentrated pulmonary irritants.  Because of system exacerbations and mental distractions preventing detailed decision making, she is limited to routine, uninvolved tasks not requiring a fast assembly quota pace.

[Filing No. 17-2 at 29.]

4

- At Step Four of the analysis, the ALJ found that Ms. Spears is unable to perform any past relevant work.  [Filing No. 17-2 at 34.]

- At Step Five of the analysis, the ALJ found that there are a significant number of jobs in the national economy that Ms. Spears could perform, such as photo copy machine operator, router, or ticket taker. [Filing No. 17-2 at 34-35.]

Ms. Spears requested that the Appeals Council review the ALJ's decision, but that request was denied on October 14, 2015, making the Commissioner's decision final and subject to judicial review. [Filing No. 17-2 at 2-4.] On December 10, 2015, Ms. Spears filed this civil action pursuant to 42 U.S.C. Section 405(g), asking this Court to review the denial of her benefits request. [Filing No. 1.]

### III.
#### DISCUSSION

Ms. Spears presents two issues on appeal that she contends require this Court to reverse the ALJ's decision denying her request for disability benefits.  [Filing No. 20 at 9.]  First, she argues that the ALJ failed to account for her moderate limitations in concentration, persistence, or pace when crafting the RFC and posing hypothetical questions to the vocational expert ("VE"). [Filing No. 20 at 9.]  Second, she argues that the ALJ failed to address evidence of Ms. Spears' headaches and their impact on her ability to maintain full-time work. [Filing No. 20 at 9.]  The Court will address these issues in turn.

#### A.  Limitations in Concentration, Persistence, or Pace

The ALJ specifically found that Ms. Spears has moderate difficulties with concentration, persistence, or pace.  [Filing No. 17-2 at 28.]  Ms. Spears' assigned RFC, in relevant part, states as follows: "Because of system exacerbations and mental distractions preventing detailed decision

making, she is limited to routine, uninvolved tasks not requiring a fast assembly quota pace."
[Filing No. 17-2 at 29.]

On appeal, Ms. Spears argues that the ALJ's decision concluding she is not disabled must be reversed because the RFC assigned to her is erroneous to the extent it tries to account for her moderate difficulties in concentration, persistence, or pace by excluding "detailed decision making" and limiting her to "routine, uninvolved tasks not requiring a fast assembly quota pace." [Filing No. 20 at 12-14 (quoting Filing No. 17-2 at 29).] She questions what "uninvolved tasks" are and also challenges the sufficiency of the hypothetical questions presented to the vocational expert at her hearing. [Filing No. 20 at 13-14.]

In response, the Commissioner contends that substantial evidence supports the ALJ's decision that Ms. Spears had the RFC for a range of light work. [Filing No. 25 at 4-9.] She defends the RFC the ALJ assigned to Ms. Spears, arguing that the ALJ properly relied on "alternative phrasing" instead of limiting Ms. Spears to simple, routine, repetitive work. [Filing No. 25 at 6.] The Commissioner contends that the hypothetical questions presented to the VE at the hearing were sufficient and notes that her attorney did not ask for elaboration of the term "uninvolved tasks." [Filing No. 25 at 7.]

The ALJ's RFC assessment and the hypothetical questions posed to the vocational expert "must incorporate all of the claimant's limitations supported by the medical record." *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015). Among the mental limitations that must be considered are deficiencies in concentration, persistence, or pace. *Id.* The Seventh Circuit has repeatedly held that restricting a claimant who has limitations of concentration, persistence, and pace to "simple, routine tasks" "d[oes] not adequately account for the plaintiff's medical limitations, including an impairment in concentration." *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009); *see also*

*Varga*, 794 F.3d at 814-15 (noting that the Seventh Circuit has "repeatedly rejected the notion that . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace"); *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618-19 (7th Cir. 2010) (limiting claimant to "routine, repetitive tasks with simple instructions" did not account for "moderate limitation in concentration, persistence and pace").

The Seventh Circuit does not require the hypothetical questions presented to the VE to explicitly use the words "limitations in concentration, persistence, or pace," but there are only limited circumstances when the absence of such language is sufficient. *See O'Connor-Spinner*, 627 F.3d at 619. First, a hypothetical question may be sufficient if the record shows that the vocational expert independently reviewed the claimant's medical record or heard testimony directly addressing the claimant's limitations. *Id.* Second, the hypothetical may be sufficient when the language specifically excluded tasks that someone with the claimant's limitations could not do. *Id.* Third, the hypothetical may be sufficient when it mentions the claimant's underlying conditions that limit her concentration, persistence, or pace. *Id.* at 620.

In this case, the ALJ specifically found that Ms. Spears has moderate difficulties with concentration, persistence, or pace. [Filing No. 17-2 at 28.] The assigned RFC excluded detailed decision making and limited Ms. Spears to "routine, uninvolved tasks not requiring a fast assembly quota pace." [Filing No. 17-2 at 29.] In explaining the RFC for Ms. Spears, the ALJ gave "great weight" to the opinion of medical consultant Dr. Stacia Hill, who found that Ms. Spears needed "some redirection throughout the test to stay on topic, which the [RFC] accounts for by excluding fast assembly type work and more than routine tasks." [Filing No. 17-2 at 33.] Because the doctor found that Ms. Spears' memory functioning was "estimated to be in the borderline to extremely

low range," the RFC limited her to "perform only routine, uninvolved tasks at the unskilled level." [Filing No. 17-2 at 33.]

The ALJ's limitation of Ms. Spears to "routine, uninvolved tasks not requiring a fast assembly quota pace," [Filing No. 17-2 at 29], is insufficient to account for the moderate limitations in concentration, persistence, or pace that the ALJ found.  The Court is unsure what the phrase "uninvolved tasks" means because the ALJ did not elaborate on that term.[1]  [Filing No. 17-2 at 33.]  By failing to do so, the ALJ did not build a logical bridge between the evidence and her ultimate determination, as she was required to do.  *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).  To the extent that the phrase "uninvolved tasks" is alternate wording in response to the Seventh Circuit's repeated rejection of the "simple, routine tasks" limitation, it is still insufficient. *See, e.g.*, *Varga*, 794 F.3d at 814-15 (noting that the Seventh Circuit has "repeatedly rejected the notion that . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace").  The ALJ erred by using the same vague wording when crafting the hypothetical questions to the VE at Ms. Spears' hearing.  [Filing No. 17-2 at 83 (limiting the hypothetical individual "because of mental health issues that would prevent detailed decision making, they are limited to routine uninvolved type of work activities, not requiring a fast assembly quota pace").]  Because the ALJ failed to sufficiently account for Ms. Spears' moderate limitations in concentration,

---

[1] While it is true that neither the VE nor Ms. Spears' attorney asked for elaboration of "uninvolved tasks," the VE did ask the ALJ to slow down during questioning and Ms. Spears' attorney stated that he could not hear after Ms. Spears became agitated at the hearing when the term "unskilled" was used to describe her abilities.  [Filing No. 17-2 at 83-86.]  While a claimant bears the burden of proving disability, the ALJ "has a duty to develop a full and fair record" and ultimately determines the appropriate RFC.  *See Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009).  Thus, the Court does not find Ms. Spears' counsel's failure to ask for clarification to be fatal to her argument.

persistence, or pace in the RFC and the hypothetical question to the VE, the Court must reverse the ALJ's decision.

### B.  Impact of Headaches

Ms. Spears cites medical evidence of past treatment for headaches and argues that the ALJ failed to adequately address the impact of her headaches on her ability to maintain full-time employment.  [Filing No. 20 at 15-17.]

In response, the Commissioner contends that the ALJ acknowledged that Ms. Spears had been treated for headaches and seizures.  [Filing No. 25 at 7-8.]  She points out that Ms. Spears denied headaches at a March 2013 examination and emphasizes it is Ms. Spears' burden to prove she is disabled.  [Filing No. 25 at 7.]

The ALJ must evaluate "all limitations that arise from medically determinable impairments, even those that are not severe."  *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling."  *Id.*

The ALJ's opinion mentions headaches twice.  First, the ALJ acknowledges Ms. Spears' past treatment for headaches.  [Filing No. 17-2 at 30.]  Second, the ALJ states that Ms. Spears "denied headache" in her March 2013 examination.  [Filing No. 17-2 at 31; Filing No. 17-12 at 7.] The ALJ appears to rely on this denial to give Ms. Spears' headaches and any resulting functional limitations no future discussion.  But the medical evidence cited for the alleged lack of headaches was a medical visit for Ms. Spears' anxiety due to problems stemming from a fall a few days prior. [Filing No. 17-12 at 6.]  The record indicates that Ms. Spears did not have a headache at that specific visit.  [Filing No. 17-12 at 7 ("Neurological:  No Headache").]  It does not indicate that Ms. Spears stated she had never had headaches or no longer had headaches.  The ALJ erred by relying on the cited evidence to ignore other evidence of Ms. Spears' headaches and their potential

impact on her ability to maintain full-time work.  *See Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014) ("[T]he ALJ's description of [plaintiff's] March 2009 visit to the doctor was mistaken.  He wrote that she 'denied headaches' as if she denied ever having them.  The record shows that [plaintiff] . . . denied *currently* denied having a headache.  The fact [plaintiff] did not have a headache at the time of her visit is no reason to conclude anything about the frequency or severity of her migraines.") (original emphasis).  Accordingly, the ALJ's decision must be reversed.  *Id.*

## IV.
### CONCLUSION

For the reasons discussed, the Court **VACATES** the ALJ's decision denying Ms. Spears disability benefits and **REMANDS** this matter for further proceedings under 42 U.S.C. § 405(g) (sentence four).  Final judgment will issue accordingly.

Date: 10/5/2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Charles D. Hankey
jfrankhanley@jfrankhanley.com

Kathryn E. Olivier
United States Attorney's Office
kathryn.olivier@usdoj.gov